

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 6, 1965

Honorable Jerry Sadler
Commissioner
General Land Office
Austin, Texas

Opinion No. C-478

Re: Whether surface lease for
a term exceeding ten (10)
years on land being pur-
chased under Veterans' Land
Program is in violation of
Section 17, Article 5421m,
V.C.S., and if so, is the
lease void or voidable.

Dear Mr. Sadler:

Your recent letter requests our opinion as to the above stated questions relating to land being purchased from the Veterans' Land Board.

Pertinent portions of Article 5421m, Section 17, Vernon's Civil Statutes, are set forth as follows:

"Section 17. The sale of all lands hereunder by the Board may be properly initiated by CONTRACT OF SALE AND PURCHASE, . . . provided further, that property sold under the provisions of this Act may be transferred, sold or conveyed at any time after the entire indebtedness due the Board has been paid. Any land purchased under the provisions of this Act may not be leased by the purchaser for any term exceeding ten (10) years except for oil, gas or other minerals and so long thereafter as any minerals may be produced therefrom in commercial quantities, and no such lease shall contain any provision for option or renewal of such lease or re-lease of such property for any term.. . . When the entire indebtedness due the State under the contract of sale is paid, the Board shall execute a deed under its seal to the original purchaser of the land or to the last assignee whose assignment has been approved by the Board. . . ." (Emphasis Added.)

-2266-

It is presumed for purposes of this opinion, that the lease in question relates to land presently being purchased under a contract of sale and that a conveyance of the property to the veteran has not occurred, although it was not so stated in your letter.

It is stated in 58 Texas Jurisprudence Second 208, Vendor and Purchaser, Section 2, that:

"A contract to sell real estate is an agreement for a sale in futuro, either absolutely or on the happening of some contingency or the performance of some condition. A transaction for the purchase of realty will therefore be held to be a contract to sell rather than a sale, if . . . the purchaser does not presently acquire a complete and indefeasible title to the property purchased, . . ."

The veteran is holding possession of the land under a contract of sale with legal title remaining in the Veterans' Land Board, an agency of the State of Texas. The property has not been deeded to the veteran, but will be conveyed when the entire indebtedness has been paid. We hold that the owner may limit the use of the property and that the lease in question is illegal.

"Contracts that are directly and expressly prohibited by a valid statute couched in unmistakable language are absolutely void." 13 Tex.Jur.2d 361, Contracts, Sec. 169; Hennessy v. Automobile Owners Assn., ____ Tex. ____, 282 S.W. 791 (1926); 47 A.L.R. 521.

The lease is illegal and void since it contravenes a valid statute. Woolsey v. Panhandle Refining Company, 131 Tex. 449, 116 S.W.2d 675 (1938).

Black's Law Dictionary defines a voidable contract as, "one which is void as to wrongdoer but not void as to wronged party unless he elects to so treat it." A void contract is defined as, "one which never had any legal existence or effect, and such contract cannot in any manner have life breathed into it."

In the case of a voidable contract, there is usually both a power to avoid and a power to validate." Corbin on Contracts, Vol. 1, Sec. 6, p. 11.

The statute does not provide for ratification or validation by the Veterans' Land Board of a surface lease in excess of ten (10) years and, therefore, the lease in question is a void agreement.

## SUMMARY

A veteran cannot give a valid lease on the surface of land being purchased by contract of sale under Article 5421m, Section 17, V.C.S., in excess of ten (10) years, and if he does so, the lease is void.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By C. L. Snow, Jr.
Assistant

CLS:afg

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
David Longoria
Phillip Crawford
Harold Kennedy

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright